# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re: Timothy J. Kuchta    Case No. 15-21964-mdm
and Jessica M. Kuchta,    (Chapter 7)

Debtors.

## UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(1) BASED ON 11 U.S.C. §§ 707(b)(2) and (3)

The United States Trustee Patrick S. Layng, by Attorney Amy J. Ginsberg, moves to dismiss this case under 11 U.S.C. § 707(b)(1) based on the presumption of abuse and abuse under the totality of the Debtors' financial circumstances. 11 U.S.C. §§ 707(b)(2) and (3). In support of this motion, the United States Trustee states:

### I. SUMMARY OF THE MOTION

1. The United States Trustee believes the Debtors, Timothy and Jessica Kuchta, made several errors on their Means Test with regard to childcare expenses and communication expenses. Once these corrections are made, the presumption of abuse arises in this case, which the Debtors have not rebutted.

2. In the absence of a rebuttal, this case should be dismissed as presumptively abusive of Chapter 7.

3. In addition to the presumption of abuse arising, there may also be grounds for dismissal of this case for abuse under the totality of the Debtors' financial circumstances. 11 U.S.C. § 707(b)(3). The Debtors can pay their debts without hardship. The Debtors allocate funds for private school tuition and eat out frequently. In 2015, they received a $3,695 federal tax

Attorney Amy J. Ginsberg
Office of the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
Phone: 414-297-4499/Fax: 414-297-4478

refund. Based on the presumption of abuse and the totality of the Debtors' financial circumstances, this case is an abuse of the Bankruptcy Code under 11 U.S.C. §§ 707(b)(2) and (3).

4. This case is ripe for dismissal as an abuse of Chapter 7, either because it is presumptively abusive or as an abuse under the totality of the Debtors' financial circumstances.

## II. JURISDICTION AND PROCEDURAL HISTORY

5. The Court has jurisdiction in this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). The United States Trustee consents to entry of a final order in this matter.

6. On March 4, 2015, the Debtors, Timothy and Jessica Kuchta (Debtors), filed their Chapter 7 Petition, Schedules, Statement of Financial Affairs and Means Test Form. *See* Docket Entry #1.

7. On Schedule F, the Debtor disclosed $118,391 in non-priority debts, which includes $44,706 in student loans.

8. On Schedule I, the Debtors disclosed $7,147 in monthly net income to support their five-person household.

9. On Schedule J, the Debtors budgeted $7,146 in monthly expenses, including $950 for education and childcare (which includes private school tuition) $250 for recreation, $720 for transportation, $290 for laundry and dry cleaning, $975 for food and housekeeping supplies, and $500 for student loans.

**This Motion is Filed Timely**

10. Section 704(b)(1)(a) requires the United States Trustee to review all materials filed by a debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under 11 U.S.C. § 707(b).

11. Trustee Michael Dubis conducted the § 341 meeting on April 16, 2015, and the United States Trustee filed its Statement of Presumed Abuse (the "10-day statement") on April 27, 2015.

12. This motion is filed within 30 days of the filing of the 10-day statement and is timely under 11 U.S.C. § 704(b)(2) and Rule 9006(a), Fed R. Bankr. P.

### III. LAW AND ARGUMENT

**Statutory Definition of Presumption of Abuse and the Debtor's Burden of Rebuttal**

13. Section 707(b)(1) provides that the court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7.

14. According to the Debtors' Means Test, the presumption of abuse does not arise. The Debtor's monthly disposable income is $176.53. See Docket Entry #1.

15. However, the United States Trustee contends that the following changes should be made to the Means Test form[1]:

| Line Number | Debtors' Means Test | UST' Objection | UST Proposed Allowance | Net Effect on Means Test |
|---|---|---|---|---|
| Line 12 Vehicle Operation Expense for one unencumbered vehicle and one encumber vehicle | $424 | Vehicle unencumbered, entitled to $200 in additional ownership expense | $624 | -$200 |
| Line 21 Childcare | $950 | Includes tuition for private school ($167) | $683 | +$267 |

3

| | | and school lunch ($100) | | |
|---|---|---|---|---|
| Line 23 Optional telephone and telephone pagers | $273 | Full amount listed for ordinary telecommunications on Schedule J. | $0 | +273 |
| Line 29 Education expenses | $0 | In letter from Debtors | $15 | -$15 |
| Line 33 Additional secured debts | $0 | Kirby vacuum on Schedule D | $18 | -$18 |
| **Net Effect on Disposable Income** | | | | +$307 |

16. When the additional disposable income as calculated by the United States Trustee ($307 is added to the monthly disposable income calculated by the Debtor ($176.53), they have $483.53 in monthly disposable income.

17. Because the Debtors' monthly disposable income is $483.53 per month, the presumption of abuse arises.

18. The Debtors have not filed a rebuttal to the United States Trustee's Statement of Presumed Abuse.

19. Therefore, the Debtors have not met their burden rebutting the presumption of abuse.

20. This case should be dismissed because it is presumptively abusive of Chapter 7.

## Totality of the Circumstances Under 11 U.S.C. § 707(b)(3)(B)

21. In considering whether the granting of relief would be an abuse in a case in which the presumption of abuse does not arise or is rebutted, the court shall consider whether the debtor filed the petition in bad faith, or the totality of the circumstances of the debtor's financial situation demonstrates abuse. 11 U.S.C. § 707(b)(3)(A) and (B).

22. In the instant matter, several factors weigh in favor of dismissal for abuse under 11 U.S.C. § 707(b)(3). These factors include:

   a. **Stable Source of Future Income**: Mr. Kuchta works for the Walworth County Sheriff's Department, where he has been employed for almost seven years. He grosses $66,816 annually. Ms. Kuchta recently started working as a teacher in the Clinton Community School District, grossing $46,176. Combined, the Debtors gross $112,992 to support them and their three children.

   b. **Ability to Pay and Belt-tightening**: The Debtors could tighten their belt. On Schedule J, the Debtors budgeted $950 for childcare, which includes $167 elementary school tuition for two of their children and $100 for school lunch. (+$267)

   c. The Debtors could also reduce their food budget by eating out less. Frequently, the Debtors eat out more than once a day. On one day, September 22, 2014, the Debtors are at McDonald's, Subway, and Arby's. Another day, February 23, 2015, on the eve of filing, they ate at McDonald's three times. If the Debtors would limit their spending on fast food, they would have money to pay their creditors.

   d. In addition, according to Schedule I, the Debtors devote $250 per month to recreation. If they halved this expense, they would have an additional $125 to pay creditors. (+$125)

   e. In addition, with a $3,695 Federal refund ($3,695 less 30% for tax obligations / 12 months = $215.54/month) the Debtors appear to have an additional $216 per month to pay their creditors. Although requested, the United States Trustee does not have any information about their Wisconsin tax refund, if any. (+$216)

5

Case 15-21964-mdm    Doc 9    Filed 05/26/15    Page 5 of 6

f. In sum, a reduction in lifestyle expenses would yield at least $600 a month to pay creditors.

g. Finally, the Debtors budgeted $500 to pay their student loans. This $500 should be used to pay all creditors, not just student loan creditors.

WHEREFORE, the United States Trustee prays that the Court enter an order dismissing the case pursuant to 11 U.S.C. § 707(b)(1), (b)(2) and (b)(3).

DATED: May 26, 2015.

Respectfully submitted,

PATRICK S. LAYNG
United States Trustee


_____/s/_____
AMY J. GINSBERG
Attorney for the United States Trustee